Herbert B. Evans, J.
In this article 78 proceeding petitioner seeks to set aside respondent’s determination denying his application for a license to carry a concealed handgun on the ground that he failed to demonstrate sufficient need.
Petitioner is an attorney of law. His office is located in a blighted high crime area of The Bronx christened “Fort Apache” by the police. He and his partner have been threatened physically and have had to call in the police on occasions.
Petitioner’s practice also includes the management of several buildings in the area. He receives rent payments and frequently is required to collect it in person from the tenants. While it appears that, for the most part, such payment is by check, he receives a substantial amount of cash. The employees, who work in petitioner’s office, apparently insist upon being paid in cash. They fear even crossing the street to go to a bank.
Although petitioner has not been robbed, his office has been burglarized. However, it appears petitioner is vulnerable to robbery considering that petitioner’s office and he, himself, usually have large amounts of cash: — from retainers from clients, rentals from tenants of buildings managed by petition *838 er’s firm, and payroll for his employees, and especially since robbery is commonplace in the area.
While the police department does the best job possible to combat crime in the street, it has been hamstrung in this job by reductions in force due to budgetary cutbacks. At the same time it appears that lawless elements have transformed this area into an armed camp. (Cf. Tabankin v Codd, NYLJ, Sept. 13, 1974, p 2, col 3, affd 48 AD2d 771, app dsmd 40 NY2d 893.)
Petitioner has demonstrated sufficient need for the issuance of a license to carry a concealed handgun. Respondent’s determination was arbitrary and capricious and an abuse of discretion. Accordingly, respondent’s determination is vacated and petitioner’s application is granted. (Matter of Passan Inae [City of N Y.], NYLJ, Dec. 16, 1976, p 6, col 3.)